UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | No. 2:16-cv-2289 CKD P |
| Plaintiff, | |
| v. | ORDER |
| NGOZI O. IGBINOSA, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2  II. <u>Screening Standard</u>

3      The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
14 Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

15     In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S.
23 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416
26 U.S. 232, 236 (1974).

27 ////

28 ////

III. Discussion

Plaintiff names twenty-two medical and correctional defendants in a 93-page complaint. Most of these are employed at the California Substance Abuse Facility. On the accompanying civil cover sheet, plaintiff asserts claims of medical malpractice and housing and employment violations, as well as issues of administrative review. (ECF No. 1.) In a separate filing styled as a "Motion to Log Exhibits," he submits nearly 600 pages of medical, administrative, and legal records in support of his claims. (ECF No. 4.)

In his statement of the claim, plaintiff writes that he suffers loss of vision in both eyes as a result of being sprayed with pepper spray at close range in December 2013 while fighting with another inmate. (Id. at 3.) Plaintiff was placed in Administrative Segregation, where he experienced swelling in his left foot and filled out a request for medical services. (Id.) He asserts that the denial of timely medical treatment caused permanent nerve damage in his foot. (Id.) The remaining ninety pages of the complaint detail these allegations.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, the complaint does not meet the Rule 8 pleading requirements. It is unduly burdensome to review nearly 700 pages of pleadings and materials to determine whether plaintiff states a claim as to one or more of twenty-two defendants. In any amended complaint, plaintiff should limit his pleading to twenty-five pages, plus any relevant exhibits.

Another flaw of the complaint is that it attempts to bring numerous unrelated claims in a single action. Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

1  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
2  alternate claims, as many claims, legal, equitable, or maritime as the party has against an
3  opposing party." "Thus multiple claims against a single party are fine, but Claim A against
4  Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith,
5  507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in
6  different suits[.]" Id.

7      For these reasons, the complaint will be dismissed. However, plaintiff will have the
8  opportunity to file an amended complaint.

9  IV.  Leave to Amend

10     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
11 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
12 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in
13 specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
14 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
15 claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory
16 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
17 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18     Denial or delay of medical care for a prisoner's serious medical needs may constitute a
19 violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.
20 97, 104-05 (1976). An individual is liable for such a violation only when the individual is
21 deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d
22 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
23 Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

24     In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439
25 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other
26 grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the
27 plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's
28 condition could result in further significant injury or the 'unnecessary and wanton infliction of

pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

1  shall be collected and paid in accordance with this court's order to the Director of the California

2  Department of Corrections and Rehabilitation filed concurrently herewith.

3      3. Plaintiff's motion to log exhibits (ECF No. 4) is denied as moot.

4      4. Plaintiff's complaint is dismissed.

5      5. Plaintiff is granted thirty days from the date of service of this order to file an amended

6  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

7  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

8  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

9  two copies of the amended complaint; failure to file an amended complaint in accordance with

10  this order will result in dismissal of this action.

11      6. Any amended complaint shall be limited to 25 pages of pleading, plus any relevant

12  exhibits.

13  Dated: January 20, 2017

15  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

18  2 / cole2570.14.new